# IN THE SUPREME COURT OF THE STATE OF NEVADA

LANE CHARLIE TOM,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 78150

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge. Appellant Lane Charlie Tom argues that he received ineffective assistance of trial and appellate counsel. The district court denied his petition after holding an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984) (adopting the *Strickland* test); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts supporting the claim by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel

is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Tom first argues that trial counsel should have moved to suppress evidence seized pursuant to a search warrant that was deficiently executed on tribal property. Substantial evidence supports the district court's finding that when the warrant was executed, the residence searched was located on federal, not tribal, land. In particular, a Bureau of Indian Affairs police officer testified to that fact, explaining that the parcel was later reclassified as tribal land. Accordingly, trial counsel did not perform deficiently in omitting a meritless challenge to the search warrant on this basis, and Tom was not prejudiced by that omission. The district court therefore did not err in denying this claim.

Tom next argues that trial counsel should have requested a jury instruction on false imprisonment as a lesser-included offense of kidnapping. Tom has not shown a reasonable probability that the instruction would have led to a different outcome at trial, as the record contains overwhelming evidence of the greater offense. *Cf. McNamara v. State*, 132 Nev. 606, 621, 377 P.3d 106, 116 (2016) (holding that erroneous omission of a lesser-included offense on a verdict form is harmless where the jury is otherwise properly instructed and the evidence supporting the verdict is overwhelming). That evidence includes the victim's testimony that Tom enticed her to exit the bar with him and then beat and sexually

assaulted her, which was corroborated by a nurse's testimony, DNA evidence, video surveillance showing Tom and the victim leaving together, and blood samples on Tom's pants and boots that matched both Tom and the victim. This evidence overwhelmingly establishes the elements of first-degree kidnapping. *See* NRS 200.310(1). The district court therefore did not err in denying this claim.

Tom next argues that appellate counsel should have challenged the sufficiency of the evidence supporting the kidnapping conviction. As described above, the evidence presented at trial overwhelmingly supports the conviction for first-degree kidnapping with substantial bodily harm. Accordingly, Tom has not shown deficient performance or prejudice based on appellate counsel's omission of a sufficiency challenge. The district court therefore did not err in denying this claim.

Lastly, Tom argues that trial and appellate counsel should have alleged a violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), based on the State's peremptory strike of a potential juror who was Native American. Substantial evidence supports the district court's finding that the State did not know at the time that the potential juror was Native American, as the potential juror testified only that her ex-husband was Native American. Further, the voir dire did not focus on her race or in any way suggest that the State acted with discriminatory intent. Accordingly, Tom has not shown a reasonable probability that a *Batson* challenge would have succeeded at trial or on appeal. *See Cooper v. State*, 134 Nev. 860, 861, 432 P.3d 202, 204 (2018) (explaining that a *Batson* claim requires a defendant to first make a prima facie showing that a peremptory strike was exercised on the basis of

SUPREME COURT
OF
NEVADA

(O) 1947A

race and ultimately to show discriminatory intent). The district court therefore did not err in denying this claim.

Having considered Tom's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Michael Montero, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Humboldt County District Attorney
       Humboldt County Court Clerk